PER CURIAM:
On or about March 23, 1990, claimant was driving his 1987 Isuzu on County Road 43, more commonly known as Clover Hollow Road, Kanawha County. Claimant alleges that his vehicle struck a hole in the road, resulting in $1,122.70 in damage to the rear axle, rocker panel, and wheels. Claimant said his speed of travel was approximately thirty to thirty-five miles per hour when the accident occurred. He was unaware of the hole, and testified to being unfamiliar with the area. He was unable to stop his vehicle in time to avoid the hole as it was dark and he could not see the defect. Claimant further testified that no signs were present warning of the hazard. Claimant’s insurance reimbursed him $1,000.81 for the described damages.
Respondent avers no knowledge of the peril. Mancie Legg, a maintenance supervisor for respondent, testified, “there are no potholes whatsoever” in the area of the accident. However, this witness did observe a “recessed area” in the road, further described as a “wave with a depth of one to two inches.” The witness did not believe the recessed area in the road surface presented a danger. He testified the depression in the road was the result of a sanitary sewer that had settled. Subsequent investigation by the witness of the accident area indicates the depression in the road surface is “a normal gradual slope, with no sharp edge.” The witness concluded his testimony indicating that no complaints had been received of the defect in the road.
The State is neither an insurer nor a guarantor of the safety of persons traveling on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). For the respondent to be held liable for damage caused by a defect of this nature, it must have had either actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Davis v. Dept. of Highways, 11 Ct. Cl. 150 (1977). As the claimant did not meet his burden of proof, the claim must be denied.
Claim disallowed.